(No. 14348.—Reversed and remanded.)

THE OTIS ELEVATOR COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ANNA ROSGARD, Defendant in Error.)

*Opinion filed February 22, 1922.*

1. PRACTICE—*statute affecting remedy or procedure, only, may be applied to pending action.* There is no vested right in a public law which is not in the nature of a grant, and if a change in the law affects only the remedy or procedure all rights of action are governed thereby, in the absence of a saving clause as to existing litigation, without regard to whether they accrued before or after such change and without regard to whether suit had been previously instituted.

2. WORKMEN'S COMPENSATION—*amendment of 1921 to Compensation act, giving circuit court power to review facts, applies to pending cases.* The amendment of 1921 to the Compensation act, giving the circuit court power to review the facts, applies to all cases where the review by the circuit court is had after the amendment is in effect.

3. SAME—*proviso in subdivision (1) of paragraph (f) of section 19 of Compensation act, as amended in 1921, is invalid.* The proviso in paragraph (f) of section 19 of the Compensation act, as amended in 1921, (Laws of 1921, p. 457,) that the finding of

facts made by the Industrial Commission shall not be set aside unless contrary to the manifest weight of the evidence, is a legislative attempt to prescribe a rule governing judicial action and is in violation of the constitution, but the provision of the amendment giving the circuit court the right to review both the law and the facts is valid without the limitation in the proviso.

4. CONSTITUTIONAL LAW—*legislature cannot direct how cases shall be decided.* Under the constitutional division of governmental powers the judiciary cannot instruct the legislature what statutes it shall enact and the legislature cannot direct the judiciary as to how cases shall be decided.

5. SAME—*due process of law requires judicial determination of an action.* Due process of law requires submission to a judicial tribunal for determination upon its own independent judgment as to both the law and the facts in a case, according to the settled rules governing judicial action and decision.

6. SAME—*meaning of constitutional provision against enactment of special law regulating practice.* Under the provision of section 22 of article 4 of the constitution prohibiting the enactment of any special law regulating the practice in the courts, it is not within the power of the legislature to select a class of cases and by special act provide for them a different rule of decision from that which is applicable in other cases.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

JOHN CLARK BAKER, for plaintiff in error.

RUSH B. JOHNSON, (GEORGE A. SCHNEIDER, and THOMAS E. SWANSON, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Anna Rosgard, alleging that she was dependent upon her son, Theodore Rosgard, for support, applied to the Industrial Commission for compensation for his death on December 13, 1920, while in the employ of the Otis Elevator Company, plaintiff in error, alleging that his death arose out of and in the course of his employment. An arbitrator on January 18, 1921, made an award of $15.62 per

week for 208 weeks and $1.32 for one week, based on a finding that the applicant was fifty per cent dependent upon the deceased. There was a petition by the plaintiff in error for a review by the Industrial Commission, and the commission, upon consideration of the evidence produced before the arbitrator as shown by the record, found the award correct and confirmed it. Upon a writ of *certiorari* from the circuit court of Cook county that court on July 14, 1921, rendered a judgment confirming the award. This court allowed a writ of error to the circuit court.

In the argument for the defendant in error it is insisted that the Industrial Commission had no jurisdiction on the petition for a review of the decision of the arbitrator because the stenographic report provided for by the statute was not filed with the commission within fifty days after plaintiff in error received a copy of the decision of the arbitrator, and for want of such jurisdiction all subsequent proceedings were null and void. The plaintiff in error has not assigned any error that the Industrial Commission was without jurisdiction, and the argument is unusual in view of the facts that the Industrial Commission approved and confirmed the award of the arbitrator and the circuit court approved and confirmed the award of the commission, and the judgment of the circuit court, if sustained, secures to Anna Rosgard the compensation for which she applied. However, the defendant in error has not assigned any cross-error disputing the validity of the award of the commission and judgment of the court confirming the award, and the argument will receive no consideration.

The circuit court at the hearing refused to review the facts in the case, and the plaintiff in error, in order to make the ruling of the court manifest, submitted the following proposition of law: "The court holds as a matter of law that the provisions of the amendments to the Workmen's Compensation act passed at the last session of the legislature, to the effect that the court shall have power to review

the facts in the case, are applicable to this action." The proposition was refused by the court.

The Workmen's Compensation act as amended in 1921 provides that the circuit court on a writ of *certiorari* to the Industrial Commission shall have power to review all questions of law and fact presented by the record, and the review by the circuit court was after the amendment took effect and when the statute as amended governed the remedy and procedure. It is always held that there is no vested right in a public law which is not in the nature of a grant and no vested right in any particular remedy or any special mode of administering it. If a statute confers a vested right it cannot afterward be altered or amended so as to destroy the right, but if a change in the law affects only the remedy or procedure all rights of action are governed thereby, without regard to whether they accrued before or · after such change and without regard to whether suit had been previously instituted or not, unless there is a saving clause as to existing litigation. (*Wood* v. *Child*, 20 Ill. 209; *Smith* v. *Bryan*, 34 id. 364; *Springfield and Illinois Southeastern Railway Co.* v. *Hall*, 67 id. 99; *Holcomb* v. *People*, 79 id. 409; *Dobbins* v. *First Nat. Bank*, 112 id. 553; *Winslow* v. *People*, 117 id. 152; *Illinois Central Railroad Co.* v. *City of Wenona*, 163 id. 288; *Woods* v. *Soucy*, 166 id. 407; *People* v. *Clark*, 283 id. 221; *City of Chicago* v. *Industrial Com.* 292 id. 409.) In several of these cases changes in the law pending litigation imposed additional conditions to the exercise of the right of eminent domain, and in *Holcomb* v. *People, supra,* a bastardy proceeding was instituted when the law did not permit an appeal from the county court to the circuit court but an act was afterward passed permitting such appeal, and it was held that the act took effect as to the pending proceeding. The settled rule was applied to proceedings under the Workmen's Compensation act in *City of Chicago* v. *Industrial Com. supra.* The plaintiff in error was entitled to have the

court review all questions of law and fact presented by the record, and the court erred in denying the right and refusing the proposition of law.

The plaintiff in error also submitted to the court a proposition of law that the proviso to the statute as amended and in force July, 1921, to the effect that the findings of fact made by the Industrial Commission shall not be set aside unless contrary to the manifest weight of the evidence, is unconstitutional and void, and this proposition also was refused. The proviso annexed to the statute as amended, giving a right to a review of facts and law, provides that the findings of fact made by the Industrial Commission ·shall not be set aside unless contrary to the manifest weight of the evidence, with an exception therein stated. This is an attempt to prescribe a rule governing judicial action and determination and is an usurpation of judicial power. The constitution divides the powers of government into three distinct departments, legislative, executive and judicial, and provides that no person or collection of persons being one of these departments shall exercise any power properly belonging to either of the others, except as therein expressly directed or permitted. Under that division of governmental powers and prohibition the judiciary cannot instruct the legislature what statutes it shall enact and the legislature can not direct the judiciary how cases shall be decided. (*Rockhold* v. *Canton Masonic Mutual Benevolent Society,* 129 Ill. 440; *In re Day,* 181 id. 73.) Due process of law requires submission to a judicial tribunal for determination upon its own independent judgment as to both law and facts, according to the settled rules governing judicial action and decision. (*Ohio Valley Water Co.* v. *Ben Avon Borough,* 253 U. S. 287.) There are other provisions of the constitution which also secure uniformity in the proceedings and practices of courts. Section 29 of article 6 provides that all laws relating to courts shall be general and of uniform operation, and the organization, jurisdiction,

powers, proceedings and practice of all courts of the same class or grade so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts severally, shall be uniform. Whatever application that provision may have to the limitation attempted to be imposed by the proviso in question, the limitation is expressly prohibited by section 22 of article 4, which prohibits the passage by the General Assembly of any special law regulating the practice in courts of justice. Under that section it is plainly not within the power of the legislature to select a class of cases and by a special act provide for them a different rule of decision from that which is applicable in other cases. It will not be presumed that the legislature would not have amended the statute so as to give a review on the law and facts without also transgressing the constitutional limitation by infringing on the powers of the judiciary in the particular class of cases. The limitation is in a proviso as an attempted qualification of the statute and not as a part of the substantive law. Whether the limitation states the same rule adopted by courts in deciding upon questions of fact or not is of no importance, because, whether it is or not, the legislature cannot give such a direction. The statute giving a right to a review of the law and facts is valid without the void limitation.

Inasmuch as the statute in force at the time of the hearing controlled the remedy and procedure, the arguments against the validity of the Workmen's Compensation act as it existed before July 1, 1921, contained in the brief and argument filed and ably presented in the argument at the bar by counsel for plaintiff in error, will not be considered.

The judgment of the circuit court is reversed and the cause is remanded to that court, with directions to review all questions of law and fact presented by the record.

*Reversed and remanded, with directions.*