(No. 14556.—Reversed and remanded.)

THE NEW STAUNTON COAL COMPANY, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION et al.—(STEPHEN LUKACIC, Defendant in Error.)

*Opinion filed October 21, 1922.*

1. WORKMEN'S COMPENSATION—*when claim for compensation is sufficient.* A claim or demand for compensation need not be in writing but may be a verbal communication by means of which the employer is informed that the employee intends to claim the benefit of the Compensation act, and a sufficient demand for compensation is made where the employee asks for payment of his hospital bill and is refused on the ground he is not entitled to compensation.

2. SAME—*when violation of rule does not defeat compensation.* The employee's violation of the employer's rule will not defeat compensation for an injury which occurred while the employee was engaged in a prohibited act where the employer had acquiesced in the violation of the rule by all the employees, and such conduct of the employee amounts only to negligence on his part, which does not affect his right to compensation.

3. SAME—*amendment of 1921 to section 19 applies if in force when hearing is had in the circuit court.* The amendment of 1921 to section 19 of the Compensation act, giving the circuit court power to review the facts as well as the law, may be applied by both the circuit and Supreme Courts if in force at the time the decision is rendered in the circuit court although the case was submitted to said court before the act took effect.

4. SAME—*when an employee is not entitled to compensation for permanent total disability.* An employee is not entitled to compensation for permanent total disability where all the expert witnesses testifying as to his condition declare that his injury did not cause total disability and that the lumbago with which he was suffering was due to disease rather than to the injury, and where the employee himself testifies that his condition is improving.

5. SAME—*when objection to jurisdiction of the commission is waived.* An employer who appears before the Industrial Commission and without objection participates in the hearing waives all right to object in the circuit or Supreme Court to the commission's jurisdiction on the ground that the stenographic report of the hearing before the arbitrator was not filed in the required time.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

BURROUGHS & RYDER, (R. H. DAVIS, of counsel,) for plaintiff in error.

A. W. KERR, and J. A. LONDRIGAN, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Stephen Lukacic, an employee in the coal mine of plaintiff in error, filed his application for compensation for an accidental injury sustained by him June 10, 1918, in his employment. On a hearing before the arbitrator he was awarded $95.60 for first aid, medical, surgical and hospital services and $14 per week for 44 weeks for temporary total incapacity. The award of the arbitrator was filed with the Industrial Commission on April 1, 1919, at the instance of the defendant in error, and after a number of extensions of time by the commission in which to file the complete stenographic report it was filed November 22, 1920. The Industrial Commission set aside the award of the arbitrator, found that the applicant was permanently disabled and incapable of work, and awarded him, in addition to $95.60 for first aid, $14 per week for 285 weeks and thereafter a pension for life of $26.67 per month. Plaintiff in error removed the record to the circuit court for review by writ of *certiorari,* and on November 22, 1921, the circuit court confirmed the award and this court allowed the petition for writ of error.

Defendant is a foreigner and cannot read English, and he spoke the English language so imperfectly that his testimony was taken through an interpreter. He was employed by plaintiff in error as a track-layer's helper at the time of his injury. At the time of his injury he was riding on a coal car on his way to the shaft at the close of his day's work. The car on which he was riding came in contact with a motor going in the opposite direction and he

was thrown off and injured. He was earning $4.75 per day for his labor.

It is first contended by plaintiff in error that there was no notice of the injury and no demand for compensation. The claimant testified that when he went out of the mine after he was injured he notified the superintendent of plaintiff in error, and that the superintendent gave him a note and he went to a doctor, who took him home in an automobile. About a month after the accident he asked the superintendent to pay the hospital bill. He refused and told claimant to pay it himself and that the claimant had no compensation. It is clear that the superintendent, from the answer he gave the claimant, understood when claimant asked him to pay the hospital bill that he was demanding compensation. The claim or demand for compensation need not be in writing but may be verbal, and it is sufficient if the employer is informed by it that the employee intends to claim the benefit of the act. (*Moustgaard* v. *Industrial Com.* 287 Ill. 156.) The record clearly shows that proof of notice and demand was waived by plaintiff in error before the commission, and they were not issues in that proceeding. The real and only question tried before the commission, as the record shows, was whether or not the claimant was in the line of his employment at the time of his injury, and whether or not his injury arose out of or in the course of his employment. But in any view of the case, the record shows a sufficient notice of the injury and demand for compensation.

The injuries sustained by the applicant arose out of and in the course of his employment. It is conceded by plaintiff in error that if its rule prohibiting employees from riding in the empty cars to and from their work, though properly posted and promulgated, was violated with impunity and its non-observance acquiesced in by the employer it can not claim the benefit or protection of the rule. The only reason for plaintiff in error's claim that the injury did not

arise out of and in the course of his employment is that the claimant was riding from his working place to the shaft on an empty car after his day's work at the face had ended, in violation of plaintiff in error's written and posted rule that miners must not ride on empty cars to and from their work. Proof was never really properly made that such notices were posted at the time of the injury. The notice sought to be introduced in evidence was dated after the injury and was specifically objected to for that reason, and there was no copy of any such notice as the one offered in evidence that bore date on or before the date of the injury, and the contents of the notice were not properly proved, over objection, by oral testimony, because the original was not properly shown to be lost or unavailable as evidence. But if it be conceded that such a notice was posted, it never came to the attention of the applicant. He could not read English and was given no knowledge or information concerning such notice. Besides, J. T. Moss, manager of the company's mine, testified that he was down in the mine every day and that when the men came out of the mine he was at the bottom of the shaft. He was therefore bound to see and take notice that customarily the miners were riding on the empty cars as they came from their work, if that was the fact. He further expressly testified in this language: "From what I can learn, it seems to be customary for the men to ride in the mine where the hauls are long." The claimant in this case testified that he rode in the car because the other miners did. He further testified on this question: "Everybody rides; I saw people ride in and out all the time; I don't know anything else; I can't read English." Under this showing in the record, the rule, if posted as claimed by the plaintiff in error, had no binding force against the claimant. If he had violated the rule knowingly it would only amount to a showing of negligence on his part and which violation would not take him out of the course of his employment. There is no theory, therefore,

upon which it may be said that the violation of the posted rule defeats his recovery by taking him out of the scope of his employment. (*Union Colliery Co.* v. *Industrial Com.* 298 Ill. 561.) Had the claimant walked out of the mine from his work and been injured while on his way to the shaft it is clear that he could have recovered compensation for the injury. Riding out of the mine is only another means of leaving the mine, and could not have the effect to take him out of the line of his employment under the rule laid down in the case last cited.

The judgment in this case will have to be reversed because the evidence before the commission does not show that the claimant has sustained permanent injuries and is entitled to compensation and a pension for total disability. The substance of claimant's testimony as to his injury and how he received it is, that at quitting time he rode out of the mine with a driver. The motor was going in and the driver of the car was going out and they bumped. In the collision the mule was killed and claimant was thrown on his side, and his right side, hip and back were hurt. He walked out of the mine from the place of the injury. He never went back to work because he cannot walk without it hurting him, and that there was nothing the matter with him before he got hurt. The foregoing was his testimony before the arbitrator. Before the commission he testified that he had not worked since he testified before in this case; that he has pain all the time in his right hip and back, and that he got hurt on the hip, back, shoulder and right leg; that before he got hurt there was nothing wrong with his hip or back and he never had rheumatism or pain in his back before. He then concluded his testimony by stating, "I have been getting just a little better since the hearing at Edwardsville."

There were X-ray pictures taken of all the parts of the claimant's body supposed to be injured. Dr. Howe testified for plaintiff in error that he treated claimant in the St. Louis

hospital, and that claimant had lumbago, due to some disease but not due to traumatism. He ascertained by needling that his lumbago was caused by disease, which treatment benefited claimant but would not have benefited him if he had been suffering with traumatic lumbago. He further testified that traumatic lumbago is usually treated by giving aspirin and similar medicines internally, and by strapping, and admitted that he had given claimant this latter kind of treatment. He further testified that the X-ray pictures showed that his hip, and the bones around this portion of his body, were in a normal condition and that the X-ray picture disclosed no symptoms of injury.

Dr. Dietz, of St. Louis, testified to substantially the same thing as did Dr. Howe, and further testified that in February, 1919, he examined claimant and that that examination did not reveal any injury, except subjective symptoms of pain complained of by the claimant. He made a further examination on September 24, 1919, and found that he had an abscess, externally, on the right hip. He had the Wasserman test made on him. Witness examined his tissue and his sputum and found tuberculous bacilli, and that the Wasserman test showed plus 4. He says that he examined him from head to foot, naked, and found that he had enlarged inguinal glands on the right side, an enlarged epithelial brachial gland of the right elbow, enlarged glands of the kidney, and a sore throat, with spots in it. He further stated that the bulging mass in his right hip that he found on his second examination had about a pound of pus in it, and that his other symptoms indicated syphilis, pure and simple, and that the bulging mass on the right hip could be caused by that disease. The conclusion of both the physicians from their examinations was that he had lumbago when they last examined him but that it was due to said disease and not to traumatism or injury.

This case was submitted to the circuit court for decision before July 1, 1921, but was decided in the following Sep-

tember, as already shown. The amendment of 1921 to sec- tion 19 of the Compensation act, giving the circuit court power to review the facts as well as the law, was in force when this case was decided and should be applied by this court on review. (*Otis Elevator Co.* v. *Industrial Com.* 302 Ill. 90; *Keller* v. *Industrial Com.* id. 610.) We do not think even the vague testimony of the claimant, who was the only witness examined in his behalf, is sufficient to show that he is permanently and totally disabled and entitled to draw full compensation and a pension for total disability. His testimony on his second examination before the commission is to the effect that he was then improving. The testimony of all the physicians is to the effect that his injury did not cause total disability, and it further shows that he was discharged from the hospital as cured and that his subsequent attacks of lumbago were due to disease and not to traumatism.

It is contended that the commission and the circuit court are without jurisdiction of this case because a stenographic report of the evidence heard before the arbitrator was not filed with the commission in the time required by the statute. Plaintiff in error appeared before the commission and without objection participated in the hearing. It thereby waived all right to object to the commission's jurisdiction in the circuit court or in this court. *Pocahontas Mining Co.* v. *Industrial Com.* 301 Ill. 462.

The judgment of the circuit court is reversed and the cause remanded to that court, with directions that the same be remanded to the Industrial Commission for further consideration, if the parties shall not otherwise have the same disposed of by their agreement.

*Reversed and remanded, with directions.*