The New Staunton Coal Company, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Stephen Lukacic, Defendant in Error.)

*Opinion filed February 17, 1925.*

Workmen's compensation—*what award for temporary total disability is not proper.* Where it has been determined, on review in the Supreme Court, that an employee is not entitled to compensation for permanent total disability, an award for temporary total disability from the time of the accident up to the close of the hearing, had after remandment of the cause, is not justified, where there is no evidence to support the theory that the total disability, if any, ceased at the close of that hearing, the evidence being that the employee's condition is the same as it was when it was determined that he was not permanently totally disabled.

Writ of Error to the Circuit Court of Madison county; the Hon. J. F. Gillham, Judge, presiding.

Burroughs & Ryder, (R. H. Davis, of counsel,) for plaintiff in error.

W. J. MacDonald, for defendant in error.

Mr. Justice DeYoung delivered the opinion of the court:

This writ of error brings to this court for a second review the award of compensation made to Stephen Lukacic for an accidental injury which he claims to have suffered while employed by the New Staunton Coal Company. On the first review (*New Staunton Coal Co.* v. *Industrial Com.* 304 Ill. 613,) the evidence was found insufficient to entitle Lukacic to compensation for permanent total disability, and the judgment of the circuit court was reversed and the cause remanded for further consideration.

The accident occurred on June 10, 1918. Lukacic filed his application for compensation on February 1, 1919. He testified on the original hearing that between the date of the accident and February 28, 1919, he had been treated by four physicians, but none were called in his behalf. Drs. Howe and Dietz, two other physicians, were called by plaintiff in error on the hearings before the commission, Dr. Howe appearing on September 5, 1919, and Dr. Dietz on December 5, 1919. Dr. Howe testified that he treated Lukacic in February, 1919, as a private patient at the Alexian Brothers Hospital, in St. Louis; that he had X-ray plates made and they disclosed nothing abnormal in the hip or the joints; that Lukacic then suffered from lumbago, which resulted from some disease and not from the injury, and that he was discharged from the hospital as cured on February 28, 1919. Dr. Dietz testified that he had examined Lukacic in February, 1919, while he was a patient at the Alexian Brothers Hospital, and that the X-ray plates did not disclose any injury to the hip; that he made another examination of Lukacic on September 24, 1919, and found, among other things, that he had a psoas abscess on the right hip, which the witness located by an X-ray plate; that by an operation he drained the abscess; that he examined a specimen of the pus under a microscope and it showed tuberculous ba-

cilli; that the abscess was not the result of the accident but of tubercular and syphilitic infection.

On the hearing before the Industrial Commission after the remandment of the cause only two witnesses appeared,— Lukacic in his own behalf, and Dr. J. H. Siegel for the plaintiff in error. Lukacic testified that he had not worked since the hearing on December 5, 1919, because it would hurt his back, hip and right leg to do so; that his right leg was shorter than the left; that there was a lump on his back; that soreness prevented his lifting anything; that it would hurt him to stretch his arms; that if he walked fast, or when sitting, if he moved his side he would experience pain, and that there had been no change in his condition since the accident. On cross-examination he stated that he would take a short walk and then sit down; that he did not assist his wife in her work in and about the house; that he slept soundly from about eight o'clock P. M. until five or six o'clock A. M.; that he weighed 210 pounds, while at the time of the accident his weight was about 200 pounds; that he had a good appetite and that at times he walked with a cane.

Dr. Siegel testified that he had examined Lukacic on April 24, 1923, at the request of plaintiff in error; that there seemed to be a slight atrophy of a portion of the gluteal region; that an X-ray of the lumbar spine showed a definite lipping process of the second, third and fourth lumbar vertebræ; that there was a slight thickening of the cortex of the acetabulum, apparently equal on both sides; that the heart and lungs were negative; that Lukacic had a very bad case of pyorrhea; that there was an old scar on the hip; that the conditions which he found were due to disease; that the back was freely movable in all directions; that there was no muscle rigidity; that the reflexes were normal; that he found no objective symptoms of pain; that he had measured Lukacic's lower limbs and did not find one leg shorter than the other; that he discovered no

indication of tuberculosis or symptoms of syphilis; that he found no restriction or limitation in the use by Lukacic of his limbs or the muscles of his body, and that in his opinion Lukacic was healthy and able to perform physical work.

On this hearing the commission found that as the result of the accidental injury Lukacic immediately thereafter became temporarily totally disabled for work for a period of 278 weeks, and ordered that the plaintiff in error pay him compensation at $14 per week for that period, and in addition thereto $95.60 for necessary first aid, medical, surgical and hospital services.  Plaintiff in error removed the record to the circuit court of Madison county for review by writ of *certiorari,* and on July 21, 1924, that court confirmed the award.  Upon petition to this court by plaintiff in error this writ of error was ordered to issue.

The contentions of the plaintiff in error are that Lukacic's injuries resulting from the accident were superficial and inconsequential; that he had fully recovered from those injuries prior to February 1, 1919, and that the original award by the arbitrator of $14 per week for forty-four weeks for temporary total incapacity in addition to the allowance for first aid, medical, surgical and hospital services was ample.

The testimony of Lukacic before and after the remandment of the cause by this court is substantially the same. He denies any improvement in his condition since the accident occurred. His claim is supported solely by his own testimony. Although he consulted four physicians, all of whom treated him and were familiar with his physical condition, yet he did not call any of them to testify in his behalf. His claim that his hip was injured is not sustained by X-ray examinations. His testimony that one leg is shorter than the other is contradicted by Dr. Siegel, who measured both and found them the same length. The pain of which he complained was caused, according to the testimony of all the physicians, by disease and not by an ex-

ternal injury. Dr. Howe treated him for lumbago in February, 1919, and he was discharged from the hospital as cured on the 28th day of that month. Dr. Siegel, who examined him on April 24, 1923, found no restriction upon the use of his limbs or muscles and believed him to be healthy and able to do physical work. Moreover, Lukacic's testimony, on cross-examination, that he had a good appetite, slept nine or ten hours and weighed 210 pounds tends to show that Dr. Siegel's conclusion is correct.

The Industrial Commission found that Lukacic became totally disabled by reason of the accident and that his disability continued for 278 weeks, which is the period from the date of the accident to the conclusion of the final hearing before the commission on October 15, 1923. Lukacic's disability then, by the commission's finding, continued until the last witness had testified, and when he retired Lukacic's disability immediately ceased. No theory can be deduced from the evidence which will support such a finding. Lukacic's disability either continued after October 15, 1923, or it had ceased altogether not later than February 28, 1919.

It is impossible to determine exactly the extent of the disability which Lukacic suffered by reason of the accident. By giving the evidence the most favorable construction, the maximum award that can be sustained on this record is that made by the arbitrator originally. Accordingly the judgment will be reversed and the cause remanded to the circuit court of Madison county, with directions to enter an award in favor of the defendant in error and against the plaintiff in error of $14 per week for a period of forty-four weeks for temporary total incapacity for work, and in addition thereto $95.60 for first aid, medical, surgical and hospital services. The plaintiff in error will have credit for such compensation, if any, as it shall have heretofore paid.

*Reversed and remanded, with directions.*